IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARC O'NEIL,<br><br>       Plaintiff,<br><br>   v.<br><br>NEW CENTURY MORTGAGE CORP. and DUETSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,<br><br>       Defendants.<br>_____<br>NEW CENTURY MORTGAGE CORPORATION,<br><br>       Counter Claimant and<br>       Third Party Plaintiff,<br><br>   v.<br><br>THE ESTATE OF CONSTANTINE G. GEORGIADIS,<br><br>       Third Party Defendant. | CIVIL ACTION FILE NO.<br><br>1:06-CV-1140-GET |

## **ORDER**

On January 8, 2007, this court entered an order granting Plaintiff's motion [Doc. 25] for an award of costs and attorney's fees; however, the court took under advisement determination of the amount of attorney's fees to be awarded. [Doc. 37].

AO 72A
(Rev.8/82)

The court allowed Defendants ten days to file specific objections to the award of fees being sought by Plaintiff. [Doc. 37 at 10]. Defendants did not file any objections to the amount requested.

In the motion for costs and fees filed pursuant to Fed. R. Civ. P. 4(d)(2) and 4(d)(5), Plaintiff submitted the declaration of his attorney, Charles M. Baird, in which Mr. Baird stated that "[i]n reviewing the case file and preparing this Declaration and Plaintiff's Motion . . ., I spent more than three hours of billable attorney time." [Doc. 25, Declaration]. Mr. Baird further stated that he billed only three hours "at $275 per hour, which is my normal billing rate and is based on my knowledge of the market rates in Atlanta, Georgia, for attorneys of similar skill and reputation in similar litigation." [Id.]. Mr. Baird stated, "I have specialized in the legal representation of consumers for over thirty-five years." [Id.]. Finally, Mr. Baird stated that apportioning the attorney's fees equally between Defendants was reasonable. [Id.]. Based on these representations, Plaintiff seeks $412.50 in attorney's fees from Defendant New Century Mortgage Corporation ("New Century") and $412.50 in attorney's fees from Defendant Deutsche Bank National Trust Company ("Deutsche Bank") associated with preparing the motion seeking costs and fees. [Doc. 25 at 2].

2

In connection with preparing the reply brief in support of the motion for costs and fees and responding to Defendants' objections, Plaintiff submitted a second declaration of his attorney, Mr. Baird. In that declaration, Mr. Baird stated, "[i]n reviewing the case file and preparing this Declaration and Plaintiff's Reply . . ., I spent 7.7 hours of billable attorney time." [Doc. 31, Declaration]. However, Mr. Baird stated that "I am billing only 5.7 hours of my time for the above work, at $275 per hour. . . ." [Id.]. Mr. Baird repeated his statement regarding reasonable billing rates and equal apportionment of the time spent, resulting in 2.85 hours per Defendant. [Id.]. According, Plaintiff seeks $783.75 in attorney's fees from Defendant New Century and $783.75 in attorney's fees from Defendant Deutsche Bank associated with preparing the reply brief. [Doc. 31 at 9].

As noted, Defendants filed no objections to the amount of attorney's fees being sought by Plaintiff. The court finds, after consideration of the motion and reply brief filed by Plaintiff and the declarations of Plaintiff's attorney and based on the court's expertise, that expending a total of three hours at a fee rate of $275 per hour to prepare the motion seeking fees, apportioned equally between Defendants, is reasonable and that expending a total of 5.7 hours at $275 per hour to prepare the reply brief,

3

apportioned equally between Defendants, is reasonable.  See Butler v. Crosby, 2005 WL 3970740, *6-8 (M.D. Fla. 2005).

For the foregoing reasons, the court awards Plaintiff reasonable attorney fees and **ORDERS** that Defendant New Century pay $1196.25 (directed as determined by Plaintiff) for attorney's fees associated with recovery of costs and fees pursuant to Fed. R. Civ. P. 4(d)(2) and 4(d)(5) and that Defendant Deutsche Bank pay $1196.25 (directed as determined by Plaintiff) for attorney's fees associated with recovery of costs and fees pursuant to Fed. R. Civ. P. 4(d)(2) and 4(d)(5).

**SO ORDERED**, this 1st day of February, 2007.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)