IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARC O'NEIL,<br><br>    Plaintiff,<br><br>  v.<br><br>NEW CENTURY MORTGAGE CORP. and DUETSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,<br><br>    Defendants.<br>_____<br>NEW CENTURY MORTGAGE CORPORATION,<br><br>    Counter Claimant and<br>    Third Party Plaintiff,<br><br>  v.<br><br>THE ESTATE OF CONSTANTINE G. GEORGIADIS,<br><br>    Third Party Defendant. | CIVIL ACTION FILE NO.<br><br>1:06-CV-1140-GET |

## **ORDER ENTERING TEMPORARY STAY**

Pending before the court is Defendants' Notice of Bankruptcy and Suggestion of Stay pending resolution of the bankruptcy proceedings. [Doc. 48]. The Notice indicates that Defendant New Century Mortgage Corporation filed a Voluntary Petition

in the Bankruptcy Court for the District of Delaware for relief under Chapter 11. Defendants assert that a stay is appropriate pursuant to 11 U.S.C. § 362(a). Plaintiffs respond to the notice of stay conceding that, while the stay of proceedings as to Defendant New Century is appropriate, there is no basis for staying the proceedings as to Defendant Deutsche Bank National Trust Company, as Trustee. [Doc. 49]. Based on the notice filed with the court, it appears that only Defendant New Century is a bankruptcy debtor and that Defendant Deutsche is a non-debtor.

"Section 362 [of the Bankruptcy Code] states that an application for bankruptcy 'operates as a stay, applicable to all entities of - . . . the commencement . . . of a judicial . . . action or proceedings against the *debtor*. . . .'" Dewitt v. Daley, 336 B.R. 552, 556 (S.D. Fla. 2006) (quoting 11 U.S.C. § 362(a)(1)) (emphasis in original). However, "the case law is clear that extending a stay to non-bankrupt co-defendants is done rarely, justified only in 'unusual circumstances.'" Id. (citations omitted). Additionally, the bankruptcy court should make the determination as to whether extension of the stay to non-debtor third parties is appropriate. See Friedman's, Inc. v. Zale Corp., 336 B.R. 896, 897-98 (S.D. Ga. 2005) (noting that, while the automatic stay is not unlimited in scope, a bankruptcy court "may, in certain circumstances, enjoin or issue a stay of proceedings against a non-bankrupt third party"); In Re

2

Sunbeam Securities Litigation, 261 B.R. 534 (S.D. Fla. 2001) (bankruptcy court determined whether extension of automatic stay for debtor to non-debtor co-defendants was appropriate).

The Bankruptcy Court in the District of Delaware, in which the Chapter 11 petition is pending, is the appropriate court to address and to make the determination whether exceptional or unusual circumstances exist to extend the automatic stay to non-debtor co-Defendant Deutsche Bank. Therefore, the court will **STAY** the instant proceedings for a period of **SIXTY DAYS** for the parties to seek and obtain a ruling from the Bankruptcy Court on the extent of the automatic stay under 11 U.S.C. § 362(a). Counsel for Defendants is **DIRECTED** to file with the court the decision of the Bankruptcy Court regarding the automatic stay.

**SO ORDERED**, this 24th day of April, 2007.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)